IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

CIVIL ACTION NO.  9:16-cv-3584-RMG

| | |
|---|---|
| THE UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT OF )<br>CLELAND CONSTRUCTION )<br>COMPANY, INC., )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>v. )<br>　　　　　　　　　　　　　　　　)<br>FUTURENET GROUP, INC. AND LEXON)<br>INSURANCE COMPANY, )<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendants. )<br>_____) | COMPLAINT<br>(Jury Trial Demanded) |

The Plaintiff, complaining of the Defendants, would show unto this Court:

CLAIM I

1. The Plaintiff, the United States of America, brings this action under and pursuant to the Miller Act, 40 U.S.C. § 270a et seq., for the use and benefit of Cleland Construction Company, Inc. ("Cleland").

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345, 28 U.S.C. § 1331 and 40 U.S.C. § 270b.

3. Cleland is a corporation organized and existing pursuant to the laws of the State of South Carolina, with its principal place of business in Jasper County, South Carolina.

4. Upon information and belief, the Defendant, FutureNet Group, Inc. ("FutureNet") is a

corporation organized and existing pursuant to the laws of the State of Michigan, which does business in Beaufort County, South Carolina.

5. Upon information and belief, the Defendant, Lexon Insurance Company ("Lexon") is a corporation organized and existing pursuant to the laws of a state other than South Carolina.

6. Upon information and belief, FutureNet has entered into a contract with the United States of America, acting by and through the appropriate officer of the Naval Facilities Engineering Command, to supply certain labor and materials in connection with renovation of the Front Gate and surrounding area located at the Marine Corps. Recruiting Depot on Paris Island in Beaufort County, South Carolina ("Project").

7. On October 25, 2013, FutureNet and Lexon duly executed and delivered to the United States of America a Payment Bond ("Bond") for the protection of all persons supplying labor and material in the prosecution of the work provided for in the principal contract; such bond was executed in accordance with the provisions of 40 U.S.C. § 270a in the sum of $9,499,725.00.

8. Thereafter, Cleland and FutureNet entered into a Master Services Subcontract Agreement by the terms of which Cleland agreed to supply labor and material to the Project generally consisting of site clearing, demolitions, debris removal, construction a storm drainage system, a sanitary sewer system, a water system, and performing asphalt and concrete paving in exchange for payment of the sum of $4,697,147.70.

9. Cleland has totally, completely, substantially and in good faith performed its obligations pursuant to the contract, and all conditions precedent to enforcement of the contract have been performed or have occurred.

10. FutureNet has breached its contract with Cleland by failing and/or refusing to pay

Cleland as required by the contract.

11.  There is due to Cleland from FutureNet and Lexon, as of December 7, 2015, the sum of $237,496.22, plus such prejudgment interest as continues to accrue at the federal statutory rate.

12.  Despite demand, FutureNet and Lexon have failed and/or refused to pay Cleland the amount due.

13.  The date on which Cleland last supplied materials and/or labor to FutureNet and the Project was December 7, 2015, and a period of ninety days has elapsed since such date and Cleland has not been paid in full for such material and/or labor.

## CLAIM II

14.     Cleland re-alleges each and every allegation of the preceding paragraphs as full as if repeated herein.

15.     FutureNet has been enriched by the supplies, provisions, materials and/or labor provided by Cleland and has unjustly retained the benefit of the supplies, provisions, materials and/or labor without paying Cleland the reasonable value thereof.

16.     FutureNet and Lexon are liable to Cleland for the reasonable value of the supplies, provisions, materials and/or labor provided, which Cleland is informed and believes to be $52,916.73 plus prejudgment interest at the federal rate from December 7, 2015, and the costs and disbursements of this action.

## CLAIM III

17.     Cleland re-alleges each and every allegation of the preceding paragraphs as full as if repeated herein.

18.     S.C. Code Ann. § 27-1-15 provides as follows:

> Whenever a contractor, laborer, design professional, or materials supplier has expended labor, services, or materials under contract for the improvement of real property, and where due and just demand has been made by certified or registered mail for payment for the labor, services, or materials under the terms of any regulation, undertaking, or statute, it is the duty of the person upon whom the claim is made to make a reasonable and fair investigation of the merits of the claim and to pay it, or whatever portion of it is determined as valid, within forty-five days from the date of mailing the demand. If the person fails to make a fair investigation or otherwise unreasonably refuses to pay the claim or proper portion, he is liable for reasonable attorney's fees and interest at the judgment rate from the date of the demand.

19. Cleland supplied labor and materials to the Project under a contract with FutureNet.

20. Cleland has made due and just demand by certified mail upon Lexon under the Bond, and upon FutureNet, for payment of amounts owed for labor and materials supplied to the Project.

21. Despite demand, Lexon and FutureNet failed and refused to make a fair and reasonable investigation of Cleland's claim for amounts owed within forty-five (45) days of the mailing of the demand, and failed and refused to provide Cleland with evidence and documentation supporting Lexon's and FutureNet position that no additional amounts are owed.

22. Based upon Lexon's and FutureNet's violation of S.C. Code Ann. § 27-1-15, Lexon and FutureNet are jointly and severally liable to Cleland for the reasonable attorney's fees incurred by Cleland in connection with this matter, and interest at the judgment rate from the date of demand.

## CLAIM IV

23. Cleland re-alleges each and every allegation of the preceding paragraphs as full as if repeated herein.

24.     S.C. Code Ann. § 29-6-50 provides as follows:

If a periodic or final payment to a contractor is delayed by more than twenty-one days or if a periodic or final payment to a subcontractor is delayed by more than seven days after receipt of periodic or final payment by the contractor or subcontractor, the owner, contractor, or subcontractor shall pay his contractor or subcontractor interest, beginning on the due date, at the rate of one percent a month or a pro rata fraction thereof on the unpaid balance as may be due. However, no interest is due unless the person being charged interest has been notified of the provisions of this section at the time request for payment is made. Nothing in this chapter shall prohibit owners, contractors, and subcontractors, on private construction projects only, from agreeing by contract to rates of interest and payment periods different from those stipulated in this section, and in this event, these contractual provisions shall control, provided the requirements of Section 29-6-30 and this section are specifically waived, by section number, in conspicuous bold-faced or underlined type. In case of a wilful breach of the contract provisions as to time of payment, the interest rate specified in this section shall apply.

25.     Final payment of the amounts owed to Cleland under its contract with FutureNet has been delayed by more than twenty-one (21) days.

26.     Cleland notified FutureNet of the provisions of S.C. Code Ann. § 29-6-50 at the time request for payment was made.

27.     FutureNet is liable to Cleland for interest at the rate of one (1%) percent per month from the date the unpaid balance became due.

(This space intentionally left blank)

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, in the amount of $237,496.22, plus reasonable attorney's fees, prejudgment interest, the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

                                    SMOOT & PITTS, LLC

                                    s/Brian C. Pitts

By: _____
     Brian C. Pitts, #4850
     Attorneys for the Plaintiff,
     The United States of America for the use
     and benefit of Cleland Construction
     Company, Inc.
     P.O. Drawer 23439
     Hilton Head Island, SC 29925-3439
     Tel:   (843) 681-3200
     Fax:  (843)681-3204

November \_\_\_, 2016                         Email: brianp@smootpitts.com

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | |
| | ) | VERIFICATION |
| COUNTY OF BEAUFORT | ) | |

   PERSONALLY APPEARED before me Kevin F. Smith, Chief Financial Officer of Cleland Construction Company, Inc., who after first being duly sworn, deposes and says that he has read the foregoing Complaint and the statements contained therein are true, except those made on information and belief and as to those, he believes them to be true.

                CLELAND CONSTRUCTION COMPANY, INC.

              By: _____
                 Kevin F. Smith, Chief Financial Officer

SWORN TO BEFORE ME this ____
day of _____, 2016.

_____ (SEAL)
Notary Public for South Carolina
My Commission Expires: