IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cleland Construction Company, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:16-cv-3584-RMG |
| | ) | |
| v. | ) | |
| | ) | **ORDER and OPINION** |
| FutureNet Group, Inc. and Lexon | ) | |
| Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Defendant FutureNet's motion to dismiss or, in the alternative, to stay proceedings pending arbitration. (Dkt. No. 9). For the reasons below, the Court GRANTS the motion to dismiss.

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130,1134 (4th Cir. 1993).

Materials outside the pleadings which relate to jurisdiction can be considered on a motion to dismiss for lack of jurisdiction. *Land v. Dollar*, 330 U.S. 731, 735 (1947); *Capitol Industries-EMI, Inc. v. Bennett*, 681 F.2d 1107, 1118 n.29 (9th Cir.), *cert. denied*, 459 U.S. 1087 (1982). Whether the parties have agreed to arbitrate their disputes is a jurisdictional question. *See Bhd of Ry. & S.S. Clerks v. Norfolk S. Ry. Co.*, 143 F.3d 1015, 1017 (4th Cir. 1944) ("Arbitration

deprives the judiciary of jurisdiction over the particular controversy and the courts have long ruled that there must be strict adherence to the essential terms of the agreement to arbitrate."). Thus, the Court may consider materials outside the pleadings to determine whether a valid arbitration agreement exists.

Plaintiff filed this Miller Act action against Defendants, claiming that Defendant FutureNet breached a subcontract and Defendant Lexon refused to pay. (Dkt. No. 1). Defendant FutureNet asserted that Plaintiff's claims are subject to binding arbitration pursuant to a valid arbitration agreement signed by Plaintiff[1] and filed a motion to dismiss, or in the alternative, stay proceedings pending arbitration. (Dkt. No. 9). Defendant Lexon consented to Defendant FutureNet's motion. (Dkt. No. 10).

Plaintiff bears the burden of showing that the arbitration agreement is unenforceable. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92 (2000). Because Plaintiff did not file a response to the motion to dismiss, Plaintiff has failed to meet its burden of establishing that the arbitration agreement is unenforceable. Thus, Plaintiff's claims are subject to arbitration and not proper in this Court. Dismissal is the proper remedy. *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001).

For the abovementioned reasons, the Court **GRANTS** Defendant FutureNet's motion to dismiss and the case is dismissed. (Dkt. No. 9).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

---

[1] *See* Dkt. No. 9 at 2 ("Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration to be administered by the American Arbitration Association ('AAA') under its Construction Industry Arbitration Rules and Mediation Procedures ('Arbitration Rules') . . . .") (quoting arbitration clause).

February **3**, 2017
Charleston, South Carolina